IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JEFFERY COLE,
    Petitioner,

vs.                                     Case No.:  3:12cv87/LAC/EMT

KENNETH S. TUCKER,[1]
    Respondent.
_____/

## ORDER and REPORT AND RECOMMENDATION

Petitioner initiated this action by filing a complaint on the form for use in civil rights actions brought under 42 U.S.C. § 1983 (doc. 1).  Petitioner also filed a motion to proceed in forma pauperis (doc. 2), which shall be granted.  Upon review of Petitioner's initial pleading, the undersigned determined that although Petitioner submitted his complaint on the civil rights complaint form, the body of his complaint stated he was seeking habeas corpus relief on the ground that he received ineffective assistance of counsel during state criminal proceedings (*see* doc. 4).  The court advised Petitioner that if he wished to challenge his state court conviction and sought relief in the form of release from incarceration, his claims were properly brought under 28 U.S.C. § 2254 (*id.*).  Petitioner was advised, however, that prior to filing a § 2254 action, he must present all of his claims, including claims of ineffective assistance of counsel, to the state courts (*id.*).  28 U.S.C. § 2254(b)(1)(A). Petitioner was advised that if he has not presented his claims to the state courts, for example on direct appeal or in a motion for post-conviction relief under Rule 3.850 of the Florida Rules of Criminal Procedure, a federal habeas corpus petition would be subject to dismissal (*id.*).

---

[1] The proper respondent in habeas corpus challenges to present physical confinement is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242.  Therefore, Kenneth S. Tucker, Secretary of the Florida Department of Corrections, is the proper Respondent in this action.

The court further advised Petitioner that if, on the other hand, he sought monetary damages attributable to his allegedly unconstitutional conviction, his claims were properly brought in a civil rights action under 42 U.S.C. § 1983 (*see* doc. 4). He was advised, however, that his claims were not cognizable unless and until his sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) (if a judgment in favor of the plaintiff in a § 1983 action would necessarily imply the invalidity of his conviction or sentence, the action is not cognizable unless and until the sentence or conviction is reversed, expunged, declared invalid by a state court, or called into question by a federal court's issuance of a writ of habeas corpus). Absent such an invalidation, a § 1983 suit must be dismissed. *Id.*

In light of the above, the court advised Petitioner that if he wished to proceed with this action, he must determine the type of action he wished to pursue, and he must file either a habeas petition or a civil rights complaint on the court-approved form, but not both (*see* doc. 4). The clerk of court provided Petitioner with the court-approved forms for habeas petitions and civil rights actions, and Petitioner was given thirty days to file one or the other (*id.*). Petitioner has now filed an amended habeas petition (doc. 6).

I.   ANALYSIS

Upon review of Petitioner's amended petition, the undersigned concludes that this action should be dismissed. In the amended petition, Petitioner states he is challenging a judgment of conviction for burglary of an occupied dwelling and criminal mischief, rendered in the Circuit Court for Santa Rosa County, Florida, on February 7, 2012 (doc. 6 at 1). Petitioner raises four claims of ineffective assistance of trial counsel, and in the "Supporting Facts" section of each ground for relief he states he did not raise any of his claims in state court by direct appeal, 3.850 motion, or otherwise (*id.* at 4–5). However, in response to questions that ask whether Petitioner previously filed any motions in state court with respect to his conviction, Petitioner states he filed a motion for post-conviction relief on February 3, 2012, raising claims of ineffective assistance of trial counsel, and the motion was dismissed on February 17, 2012, on the grounds that it failed to satisfy the content

requirements of Rule 3.850, and it failed to contain a proper oath (*id.* at 2–3). Petitioner states the dismissal order advised him that it was a non-final, non-appealable order (*id.* at 3). He states he re-filed a Rule 3.850 motion on March 8, 2012 (*id.*). Petitioner filed the instant amended federal petition three days later, on March 11, 2012 (*id.* at 1).

As Petitioner was previously advised, a petition for writ of habeas corpus may not be entertained in federal court unless Petitioner has first exhausted his state remedies. 28 U.S.C. § 2254(b)(1); Castille v. Peoples, 489 U.S. 346, 349, 109 S. Ct. 1056, 1059, 103 L. Ed.2 d 380 (1989); Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982); Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998). The courts of Florida must be given an opportunity to consider Petitioner's legal theory of a federal constitutional deficiency and the factual basis for that theory. Picard v. Connor, 404 U.S. 270, 277–78, 92 S. Ct. 509, 513, 30 L. Ed. 2d 438 (1971). In order to exhaust the issue, Petitioner must fairly and substantially present his claim to the state court prior to filing a petition in federal court. Castille, 489 U.S. at 351, 109 S. Ct. at 1060; Watson v. Dugger, 945 F.2d 367, 371–72 (11th Cir. 1991). "[T]he requirement of exhaustion is not satisfied by the mere statement of a federal claim in state court." Keeney v. Tamayo-Reyes, 504 U.S. 1, 10, 112 S. Ct. 1715, 1720, 118 L. Ed. 2d 318 (1992). Instead, "the petitioner [must] afford the State a full and fair opportunity to address and resolve the claim on the merits." *Id.*; *see also* Footman v. Singletary, 978 F.2d 1207, 1210–11 (11th Cir. 1992). To fully exhaust, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732, 144 L. Ed. 2d 1 (1999) (citing 28 U.S.C. § 2254(c)). Florida law requires either an appeal of each issue, or where a motion for post-conviction relief is appropriate, the filing of such a motion and an appeal therefrom. Leonard v. Wainwright, 601 F.2d 807, 808 (5th Cir. 1979) (citations omitted). Failure to exhaust is proper grounds for dismissal of a federal habeas petition. Keeney, 504 U.S. 1 at 10.

In the instant case, it is evident from the face of the petition that Petitioner has not exhausted his instant claims for relief in the state courts. Further, an effective state process is available to correct the alleged constitutional infirmities in Petitioner's conviction, namely, a Rule 3.850

proceeding, which Petitioner is indeed pursuing. Moreover, it is well settled that Petitioner cannot raise such claims in a section 2254 petition until his state court remedies have been exhausted. *See* 28 U.S.C. § 2254(b)(1). Therefore, the instant habeas petition should be dismissed for failure to exhaust available state remedies.

II.     CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED**:

1.      The clerk of court shall change the docket to reflect that Kenneth S. Tucker is the sole Respondent in this action.

2.      Petitioner's motion to proceed in forma pauperis (doc. 2) is **GRANTED**.

And it is respectfully **RECOMMENDED**:

1.      That the amended petition for writ of habeas corpus (doc. 6) be **DISMISSED without prejudice** for failure to exhaust available state court remedies, pursuant to 28 U.S.C. § 2254(b)(1).

2.      That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 19th day of March 2012.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).